IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:19-CR-00133 |
| KACI BRIANNE STEPHENS | § | |

**MOTION OF THE UNITED STATES FOR
A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. On February 25, 2021, the defendant, **Kaci Brianne Stephens,** entered a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 1343, Wire Fraud. As part of the plea agreement with the United States, the defendant consented to forfeiture of United States currency in the amount of $241,521.38, which represents proceeds of the alleged offense.

2. Federal Rule of Criminal Procedure 32.2(b)(1)(A) and (b)(2)(A), provides that:

(1)(A)  As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

    (2)(A)    If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed.R.Crim.P. 32.2(b)(1)(A), (b)(2)(A).

3.    By virtue of the plea agreement, the United States has established the requisite basis for the forfeiture of $241,521.38to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

4.    Because the forfeiture order will consist only of a money judgment, no ancillary proceeding will be required to adjudicate the interests of third parties in the forfeited property, pursuant to Rule 32.2(c)(1).

5.    The United States respectfully requests the entry of a Preliminary Order of Forfeiture consisting of a money judgment in the amount of $241,521.38 against the defendant.

Respectfully submitted,

NICHOLAS J. GANJEI
Acting United States Attorney

/s/
ANAND VARADARAJAN
Assistant United States Attorney
Texas Bar No. 24082160
101 East Park Blvd., Suite 500
Plano, Texas 75074
AVaradarajan@usa.doj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically served on defense counsel of record on July 19, 2021.

/s/
ANAND VARADARAJAN